# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

UNITED STATES OF AMERICA,    )
    )
v.    )        CR422-151
    )
CEDRICK DEMON ROBINSON,    )
    )
    Defendant.    )

## ORDER

Defendant Cedrick Demon Robinson is indicted on one count of aggravated sexual abuse of a child, in violation of 18 U.S.C. § 2241(c), and one count of attempted production of visual depictions of minors engaging in sexually explicit conduct by a parent or guardian, in violation of 18 U.S.C. § 2251(b). *See* doc. 1 (Indictment). In July, Robinson filed a Motion seeking to exclude evidence of other acts, which the Government noticed pursuant to Federal Rules of Evidence 404(b), 413, and 414. *See generally* doc. 86. The Government responded in opposition to the Motion. Doc. 93. The Court held a hearing on the Motion and directed the parties to submit supplemental briefing. *See* doc. 101 (Minute Entry). Defendant replied, doc. 108, and the Government sur-replied, doc. 111.

The Motion is, therefore, ripe for disposition.  For the reasons explained below, it is **DENIED**.  Doc. 86.

The Government has provided notice of its intent to introduce evidence at trial concerning "uncharged sexual crimes against a child," identified as "MV3."  Doc. 88 at 2.  As the Government's Notice indicates, the conduct charged in Count I of the Indictment occurred in, approximately, 2014 and the conduct charged in Count II occurred in 2017.  *Id.*  When Defendant was charged in this case, he was arrested and released on bond by the United States District Court for the Northern District of Mississippi.  *See* doc. 13 at 10.  During the period of his pretrial release, he allegedly sexually abused MV3, who was eight years old at the time the alleged abuse occurred.  Doc. 88 at 3.  As relevant here, the Government states that it will introduce evidence that "Defendant while alone with MV3, took her to a secluded room, removed her clothing, and rubbed Vaseline and cream on her nude body, to include her vagina."  *Id.*  The Government notes that, though it does not intend to introduce evidence of Defendant's prosecution for unspecified "sex crimes"—which it implies are related to the conduct at issue—that case remains pending.  *Id.*; *see also, e.g.,* doc. 111-1 (Mississippi indictment).

The Government asserts that evidence concerning his alleged abuse of MV3 is probative of his motive, intent, and the absence of mistake in this case.  Doc. 88 at 3-4.

Defendant's initial Motion, which was filed before the Government's notice, "preemptively objects . . . that the evidence contains unreliable hearsay, contradictory witness testimony, and no corroborating forensic evidence proving the alleged act(s)."  Doc. 86 at 2. The Government's initial response points out that those objections are premature.  Doc. 93 at 4.  Since the Court cannot anticipate the precise form of the evidence the Government will seek to admit, whether that evidence will be subject to challenge on hearsay grounds is impossible to determine.  *Id.*  Moreover, as the Government points out, any inconsistency in testimony or lack of corroborating forensic evidence would appear to address the weight of the evidence, not its admissibility. *Id.*  The Court agrees with the Government that whether the evidence or testimony ultimately proffered contains hearsay and any objection arising from alleged inconsistencies or lack of corroboration are issues not ripe for review at this time.  *Id.*  To the extent that Defendant moved

to exclude evidence on those grounds, his Motion is **DENIED**.  Doc. 86, in part.

"Uncharged crimes, wrongs, or acts may be admissible either as intrinsic or extrinsic evidence, provided evidence of the conduct meets certain criteria." *United States v. White*, 848 F. App'x 830, 839-40 (11th Cir. 2021).  Pursuant to Federal Rule of Evidence 404(b), such acts are "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but may be admissible to prove, for example, "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(1)-(2).  Rules 413 and 414, however, expressly permit prior act evidence to prove propensity in cases involving "sexual assault," or "child molestation."  *See* Fed. R. Evid. 413(a), 414(a); *see also* Fed. R. Evid. 413(d) (defining "sexual assault"); Fed. R. Evid. 414(d) (defining "child" and "child molestation"); *United States v. Brimm*, 608 F. App'x 795, 798 (11th Cir. 2015) ("Rules 413 and 414 permit the introduction of propensity evidence and thus contain exceptions to Rule 404(b)'s general ban on propensity evidence in 'sexual assault' and 'child molestation' cases." (citations omitted)).  Evidence admitted under any of

the three rules, however, is subject to the familiar balancing test required by Rule 403.  *See, e.g.,* Fed. R. Evid. 403; *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) ("All admissible evidence [under Rule 404], whether intrinsic or extrinsic, must be weighed against Rule 403 prejudice." (citation omitted)); *Brimm*, 608 F. App'x at 798 ("[E]vidence admitted under Rule 413 and 414 is still subject to Rule 403's balancing test." (citations omitted)).

Courts in this Circuit, generally, apply a three-part test to determine admissibility under Rule 404(b).  *See United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992).  In addition to the purpose criterion and Rule 403 balancing, discussed above, "as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act."  *Id.* (citing, *inter alia*, *Huddleston v. United States*, 485 U.S. 681, 689 (1988)).  Although the Court has not identified any binding authority, it is persuaded that the same test applies to admit evidence under Rules 413 and 414.  *See United States v. Hruby*, 19 F.4th 963, 966-67 (6th Cir. 2021) ("Rule 414(a) evidence, like other similar-acts evidence, is relevant only if the jury can reasonable conclude that the act occurred and that the defendant was the actor."

(quoting *Huddleston*, 485 U.S. at 689) (internal quotation marks and citations omitted)); *United States v. Norris*, 428 F.3d 907, 913-14 (9th Cir. 2005) ("The Supreme Court's decision in *Huddleston* . . . , which governs the admissibility of evidence under Rule 404(b), also controls the standard of proof required to admit evidence under Rules 413-415."); *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) ("We agree with David Karp, who drafted Rule 413, that similar acts must be established by sufficient evidence to support a finding by the jury that the defendant committed the similar act, citing *Huddleston* . . . ." (internal quotation marks omitted)); *United States v. Fitzgerald*, 80 F. App'x 857, 863 (4th Cir. 2003) (to admit evidence under Rule 413, "the court must determine whether a reasonable jury could conclude that the defendant committed a prior sexual assault offense."); *see also United States v. Guidry*, 456 F.3d 493, 503 n. 5 (5th Cir. 2006); *Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 152-54 (3d Cir. 2002) (discussing the application of *Huddleston* to Rules 413-15, and concluding "albeit with some reluctance, . . . , that *Huddleston's* standard for the admission of evidence applies to Rule 415.").

As an initial matter, Defendant does not dispute that the Government has identified permissible purposes for admitting the evidence under Rule 404(b) or that this case involves, and the noticed conduct constitutes, "sexual assault," within the meaning of Rule 413, and "child molestation," within the meaning of Rule 414. *See, e.g.,* Fed. R. Evid. 413(d)(1), (d)(3); Fed. R. Evid. 414(d)(1), (d)(2)(A), (d)(2)(C); *see also, e.g.,* doc. 111 at 4-5. Defendant's initial Motion implicitly asserts that the evidence would not be relevant and any probative value it might have is outweighed by its undue prejudice. *See, e.g.,* doc. 86 at 2 ("[T]he introduction of the evidence would not be probative, but would be outweighed by the danger of its' [sic] unfair prejudicial effect on the jury."). His post-hearing reply brief clarifies that he "objects primarily to the fact that no forensic or medical evidence will be offered by the government proving that the child was sexually assaulted . . . ," and that, because the charges stem from conduct "that is over ten (10) years old," the introduction of "more recent allegations . . . [will] be so prejudicial . . . that the damaging evidence could not be overcome." Doc. 108 at 2, 4.

In *Huddleston*, the Supreme Court explained that prior act evidence "is relevant only if the jury can reasonably conclude that the act

occurred and that the defendant was the actor." 485 U.S. at 689. It explained that "[s]uch questions of relevance conditioned on a fact are dealt with under Federal Rule of Evidence 104(b)." *Id.* In evaluating the factual condition, "the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Id.* at 690.

The Court has little difficulty concluding that the Government has proffered evidence from which a reasonable jury could find that Robinson committed the acts which the Government characterizes as "sexual abuse" of MV3. *See* doc. 88 at 3. As the Government points out, "Defendant cites to no case law that supports his claim that . . . questions [concerning the consistency and corroboration of testimony] should preclude the evidence from being admitted." Doc. 111 at 6. MV3's proffered testimony, as recorded in her interview, *see* doc. 101-1 (Gov. Ex. 2), is sufficient for the Court to make the finding required by Rule 104(b). *Cf. United States v. Goodhouse*, 81 F.4th 786, 790 (8th Cir. 2023) ("[E]ven in the face of inconsistent evidence, a victim's testimony alone can be

sufficient to support a guilty verdict." (internal quotation marks, alteration, and citation omitted)); *Hruby*, 19 F.4th at 967 ("[T]he testimony of the witnesses need not be explicitly corroborated because such a requirement would run counter to the flexible nature of Rule 104(b) . . . ." (internal quotation marks and citations omitted), 968 ("Relevance—not corroboration—is the only criterion for admissibility." (citations omitted)).

The Government also disputes Defendant's assertion that the probative value of the evidence is outweighed by the risk of undue prejudice. *See* doc. 111 at 5-6. The Government's assessment is persuasive. "[B]ecause it permits a trial court to exclude concededly probative evidence, Rule 403 is an extraordinary remedy which should be used sparingly." *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) (internal quotation marks and citations omitted). Evidence in a criminal case is often inherently prejudicial to a defendant, but "it is only when *unfair* prejudice *substantially* outweighs probative value that the rule permits exclusion." *Id.* Defendant, as the moving party, "has the burden of proving that the evidence sought to be excluded is inadmissible." *United States v. Oury*, 568 F. Supp. 3d 1380, 1385 (S.D.

Ga. 2021) (internal quotation marks and citation omitted).  Robinson simply has not established that the risk of undue prejudice from evidence of his alleged abuse of MV3 substantially outweighs its probative value.[1]

Since the Court finds that the evidence of Defendant's alleged abuse of MV3 is admissible under Rules 404(b), 413, and 414, and the Defendant has not established that the risk of unfair prejudice from the admission of that evidence substantially outweighs its probative value, his Motion to exclude that evidence is **DENIED**.  Doc. 86.  As discussed above, to the extent that he anticipates challenges to the admissibility of that evidence on hearsay or unspecified grounds based on alleged inconsistency or lack of corroboration, this Order should not be understood as expressing any view on the merits of such objections.  It merely finds that any objection concerning the admissibility of particular evidence or testimony is premature at this time.

Finally, the Court finds that the ends of justice served by affording the parties an opportunity to file supplemental briefs concerning

---

[1] While Defendant asserts that the somewhat unusual age of the charged conduct in this case renders the admission of the "more recent allegations" particularly prejudicial, *see* doc. 108 at 4, his assertion, unsupported by any authority or discussion of the specific factual circumstances of either the charged or uncharged conduct, is insufficient to merit the "extraordinary remedy" of exclusion under Rule 403.

Defendant's Motion outweigh the best interest of the Defendant and the public in a speedy trial.  Failure to grant a continuance to accommodate that additional briefing would have resulted in a miscarriage of justice and denied counsel for the Defendant and the attorney for the Government the reasonable time necessary for effective preparation.  18 U.S.C. §§ 3161(h)(7)(B)(i), (iv).  Accordingly, all of the period from the time Defendant filed his Motion on July 26, 2024, through the entry of this Order is excluded in computing the time within which trial of this matter must commence.  *See* 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(B)(i), (iv); *see also, e.g., United States v. Jernigan*, 341 F.3d 1273, 1286-87 (11th Cir. 2003) (concluding that a motion *in limine* tolled the speedy trial clock, "during the entire pendency of [the] motion."), *abrogated, in part, on other grounds as recognized by, United States v. Cenephat*, 115 F.4th 1359, 1366 (11th Cir, 2024).

**SO ORDERED**, this 4th day of December, 2024.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia