IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:22-cr-151 |
| CEDRIC DEMON ROBINSON, | |
| Defendant. | |

**O R D E R**

The Court **DENIES** Defendant's Motion for Judgment of Acquittal Or, in the Alternative, For a New Trial.  (Doc. 188.)

On October 5, 2022, the grand jury of this District returned a two-count indictment against Cedrick Demon Robinson.  (Doc. 1.)  Count 1 charges that, between on or about December 1, 2013, and on or about February 2014, the defendant committed the offense of aggravated sexual abuse of a child, in violation of 18 U.S.C. § 2241(c).  Count 2 charges that on or about October 23, 2017, the defendant committed the offense of attempted production of visual depictions of minors engaging in sexually explicit conduct-parent or guardian, in violation of 18 U.S.C. § 2251(b) and 18 U.S.C. § 2251(e).  The trial of this case began on April 22, 2025; and after two days of trial, the jury found Defendant guilty of both counts of the Indictment.  (Doc. 184.)  In the instant Motion, Defendant argues that the Court should grant his request for acquittal pursuant to Federal Rule of Criminal Procedure 29 because the Government presented insufficient evidence at trial to establish his guilt beyond a reasonable doubt.  (Doc. 188, pp. 2–3.)  Alternatively, Defendant argues that pursuant to Federal Rule of Criminal Procedure 33, the evidence

preponderates heavily against the jury's verdict and thus the Court should grant him a new trial. (Id. at pp. 3—4.)

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994). In considering a motion for judgment of acquittal, the Court views the evidence in the light most favorable to the verdict. United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989). Moreover, "the court must assume the truth of the Government's evidence." United States v. Pate, No. CR118-008, 2019 WL 1244722, at *3 (S.D. Ga. Mar. 18, 2019) (citing United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985)). The issue before the Court is "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (citing United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)). The verdict must stand "unless no trier of fact could have found guilt beyond a reasonable doubt." United States v. Pinerio, 389 F.3d 1359, 1367 (11th Cir. 2004) (citation omitted).

The Government presented overwhelming evidence for a reasonable jury to find Defendant guilty beyond a reasonable doubt as to Count One. The inculpatory evidence on this Count included direct testimony from the victim against whom Defendant committed the heinous acts. Defendant portrays this testimony as "questionable witness memory of events that allegedly occurred over twelve (12) years ago." (Doc. 188, p. 3.) Having witnessed this testimony, the Court could not disagree more with Defendant's description. Her memory was strong, and her testimony was entirely credible. Even if there were questions about the witness's credibility, those would be left to the sound discretion of the jury. United States v. Feliciano, 761 F.3d 1202, 1206 (11th Cir. 2014). Defendant also claims that "the majority of the evidence in the case was FRE 404 (b) evidence presented by witnesses not directly related to the charges in the Indictment."

(Doc. 188, p. 3.)  While not "the majority" of the Government's presentation, the Government did introduce evidence of Defendant's abuse of another minor victim.  But this evidence was introduced under Federal Rules of Evidence 413 and 414, not Rule 404(b).  Therefore, the jurors could consider that evidence "on any matter to which it is relevant."  Fed. R. Evid. 413(a); Fed. R. Evid. 414(a).  This evidence only fortified an already strong case against Defendant.

The evidence was also overwhelming as to Count Two.  Defendant claims that the evidence was merely "a text message allegedly sent by the Defendant that was sent on a cell phone over seven (7) years ago."  (Doc. 188, p. 3.)  But Defendant fails to mention that, in that text message, he asked MV2, then a minor girl, to take and send him a nude picture of herself.  The Government introduced an extraction of the text from MV2's mother's cell phone that MV2 forwarded to her mother, MV2's testimony of receiving the text, testimony from MV2's sister and mother about MV2's receipt of that message, and, perhaps most damning, Defendant's admission in 2021 that he sent the text message to MV2.

Defendant also claims, "the Government did not prove the necessary element(s) of Count 2 that the 'image would have been produced using materials that had been mailed, shipped, and transported in or affecting interstate and foreign commerce.'"  (Doc. 188, p. 3 (quoting doc. 1).)  But the Indictment charged much more when it came to this jurisdictional element of 18 U.S.C. § 2251(b):

> that image would have been produced using materials that had been mailed, shipped, and transported in or affecting interstate and foreign commerce by any means, including by computer, and such visual depiction would have been mailed, transported, and transmitted using any means or facility of interstate and foreign commerce or in or affecting interstate and foreign commerce by any means, including by computer.

(Doc. 1, p. 2.)  The Government may charge in the conjunctive and prove in the disjunctive when a statute lists multiple means of committing the offense.  United States v. Mozie, 752 F.3d 1271,

3

1284 (11th Cir. 2014). Consistent with this maxim, the Court charged the jury that the three ways to prove this element were alternatives to each other, and that the Government did not have to prove each means. (Doc. 183, p. 7.) The Court also instructed the jury, with no objection from Defendant, that "because of the interstate nature of cellular telephones and the internet, if you find beyond a reasonable doubt that the defendant used a cellular telephone or the internet to commit the offense charged in Count Two, then you may find that the defendant used any means or facility of interstate or foreign commerce." Id. The Government proved this jurisdictional element in multiple ways. There was overwhelming evidence—including the Defendant's own admission—that Defendant used his cellphone to communicate his appalling request to the minor victim. Further, the request itself shows that he tried to have the minor victim use her cellphone to take the picture and then send it to him or show it to him later. Defendant also sent the request from Florida when he knew the minor victim was in Liberty County, Georgia.

For all these reasons, the Court **DENIES** Defendant's Motion for Judgment of Acquittal.

"Under Federal Rule of Criminal Procedure 33(a), 'the court may vacate any judgment and grant a new trial if the interest of justice so requires.'" United States v. Pitts, No. CR4:19-12, 2019 WL 3408817, at *1 (S.D. Ga. July 26, 2019). But granting a defendant a new trial based on insufficiency of the Government's evidence is an extraordinary remedy that courts seldom employ. As the United States Court of Appeals for the Eleventh Circuit has explained:

> On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses. United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980); United States v. Simms, 508 F. Supp. 1188, 1202 (W.D. La. 1980). If the court concludes that, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Lincoln, 630 F.2d at 1319.

> The decision to grant or deny a new trial motion based on the weight of the evidence is within the sound discretion of the trial court. An appellate court may reverse only if it finds the decision to be a clear abuse of that discretion. Id.; United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979). While the district court's discretion is quite broad, there are limits to it. The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. Simms, 508 F. Supp. at 1202. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. Indelicato, 611 F.2d at 387; United States v. Sinclair, 438 F.2d 50, 51 n. 1 (5th Cir. 1971) (quoting Wright, Miller & Cooper, Federal Practice and Procedure: Criminal § 553, at 487). Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really "exceptional cases." Lincoln, 630 F.2d at 1319; Indelicato, 611 F.2d at 387; Simms, 508 F. Supp. at 1202.

United States v. Martinez, 763 F.2d 1297, 1312–13 (11th Cir. 1985). This case is by no means one of those "exceptional cases" where the evidence "preponderates heavily against the verdict." Quite the contrary, as explained above, the jury heard overwhelming evidence of Defendant's guilt as to the charges against him. Consequently, the Court **DENIES** Defendant's Motion for a New Trial. (Doc. 188.)

**SO ORDERED**, this 27th day of June, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA